IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT DAVILA, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| GOLDEN NUGGET LAKE CHARLES, | § | JURY TRIAL DEMANDED |
| LLC and GOLDEN NUGGET LAKE | § | |
| CHARLES HOTEL & CASINO, | § | |
| | § | |
|    Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW** Plaintiff, ROBERT DAVILA, and for his Complaint against Defendants, GOLDEN NUGGET LAKE CHARLES, LLC and GOLDEN NUGGET LAKE CHARLES HOTEL & CASINO, alleges and states as follows:

### NATURE OF ACTION

1. This is a civil action for damages arising from a trip and fall related injury that occurred on April 20, 2021, while Plaintiff was a guest at the GOLDEN NUGGET LAKE CHARLES HOTEL & CASINO in Lake Charles, Louisiana. Based on reasonable information and belief the hotel and casino is owned, operated, managed and/or maintained by Defendant GOLDEN NUGGET LAKE CHARLES, LLC. This cause of action arises out of, among other things, the negligence of Defendant in failing to provide a safe environment, as will be detailed below.

### JURISDICTION, VENUE AND PARTIES

2. Jurisdiction in this Court is founded upon diversity of citizenship under 28 U.S.C.A1332(a) and an amount in controversy in excess of Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest, costs and attorney's fees.

3. At all relevant times ROBERT DAVILA was a resident and citizen of San Antonio, County of Bexar, State of Texas, United States of America.

4. Defendant, GOLDEN NUGGET LAKE CHARLES, LLC is a foreign corporation "doing business" in the State of Texas, as defined by §17.042 of the Texas Civil Practice and Remedies Code. Defendant is a Louisiana corporation, with its headquarters located in Lake Charles, Louisiana, United States of America. Defendant conducts business in the state and within the boundaries of the Eastern District of Texas, including Orange County, Texas which constitutes continuous and systematic general business contact within the district. This is comprised of, among other things, marketing activity for its hotel and casino in the district. Accordingly, the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice. Defendant may be served with process by serving its registered agent for such: **C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.**

5. Defendant, GOLDEN NUGGET LAKE CHARLES HOTEL & CASINO, is an assumed name, pursuant to TEX. R. CIV. P. 28, of a partnership, unincorporated association, private corporation, or individual doing business in the State of Texas as defined by § 17.042 Texas Civil Practice and Remedies Code, whereby Defendant (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state; or (4) by other acts that may constitute doing business. Defendant conducts business in the state and within the boundaries of the Eastern District of Texas, including Orange County, Texas which constitutes continuous and

systematic general business contact within the district.  This is comprised of marketing activity for its hotel and casino operations in the district. On information and belief, GOLDEN NUGGET LAKE CHARLES HOTEL & CASINO, does not have a registered agent for service of process in the State of Texas.  Accordingly, GOLDEN NUGGET LAKE CHARLES HOTEL & CASINO is deemed to have appointed the Secretary of State of the State of Texas as its agent for service.  Service may be had on this Defendant by serving the Secretary of State at:

**Secretary of State, Statutory Documents**
**1019 Brazos**
**Austin, Texas  78701**

for forwarding to GOLDEN NUGGET LAKE CHARLES HOTEL & CASINO's home office at:

**2550 Golden Nugget Blvd.**
**Lake Charles, Louisiana 70601**

6. Plaintiff reserves the right to join other Defendants as the same are revealed, if at all, through the ongoing discovery process.

**FACTUAL BACKGROUND**

7. On April 20, 2020, Plaintiff was a guest at the GOLDEN NUGGET LAKE CHARLES HOTEL & CASINO, located at 2550 Golden Nugget Blvd., Lake Charles, Louisiana.  Plaintiff was injured when he encountered a post for a rope barrier that was placed in the area normally reserved for foot traffic. Unknowingly our client hit this unexpected obstacle in the walkway, dislocating his left arm, amoung other injuries. Such conditions caused him to fall and suffer serious injuries and damages for which he now sues.

8. On reasonable information and belief, Defendants had actual and/or constructive notice knowledge of the condition of the concrete walkway.

9. Defendants knew and/or should have known of the unreasonable condition of the concrete walkway and the risk of harm that it presented to Plaintiff.

10. On reasonable information and belief, Defendants had notice of the unreasonable, dangerous, and hazardous condition of the concrete walkway at the time of Plaintiff's fall and took no steps to remedy the hazardous condition. In the alternative, Defendants should have known of the hazardous condition but were derelict in discovering it or taking steps to discover such conditions.

## AGENCY AND SCOPE

11. Whenever in this Complaint it is alleged that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendants or was done in the normal and routine course of employment of Defendants' officers, agents, servants, employees, or representatives.

## CAUSE OF ACTION I - NEGLIGENCE

12. All preceding paragraphs are incorporated herein by reference.

13. Defendants, owed Plaintiff, their guest and a business invitee on their premises, the duty of reasonable care for his safety and to maintain their premise in a reasonably safe condition for his use. Defendants breached said duties by way of illustration and not limitation:

    a. Failure to provide a safe walking surface;

    b. Failure to provide a safe environment;

    c. Failure to warn of a dangerous condition;

    d. Failure to provide a safe area for maneuverability;

    e. Failure to exercise reasonable vigilance;

  f. Failing to warn of a dangerous condition and creating a dangerous condition;

  g. Failure to follow proper protocol;

  h. Creating a slip and fall hazard;

  i. Failing to implement safe practices or measures to ensure safe conditions for those on the property;

  j. Failure to supervise and inspect the premises;

  k. Failure to supervise and instruct agents, servants, and/or employees of established safety policies and procedures; and

  l. Any and all other non-exclusive acts of negligence which are inherent in these pleadings which may appear through discovery in this case.

14. In addition, Defendants had custody, control, and guard of the premises where Plaintiff was injured and are responsible for the injury to Plaintiff as they knew or should have known of the dangerous condition.

15. As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered serious injuries and damages, including physical pain and suffering, emotional suffering and distress, and medical and other expenses, past, present, and future.

## **DAMAGES**

16. All preceding paragraphs are incorporated herein by reference.

17. As a direct result of Defendants' actions and conduct set forth above, Plaintiff was severely injured and will seek all elements of actual damages recoverable by law. Because of the nature and severity of the injuries sustained, Plaintiff was damaged in the past and will, in reasonable probability, be damaged in the future and will, therefore, seek recovery for the following elements of damages:

  a. Physical pain and mental anguish in the past and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future;

  b. Physical disfigurement in the past and, in reasonable probability, will continue to suffer disfigurement in the future;

  c. Physical impairment in the past and, in reasonable probability, will continue to suffer physical impairment in the future;

  d. Medical care and treatment in the past and in reasonable probability will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question;

  e. Diminished earning capacity and loss of earnings in the past and in reasonable probability will continue to experience a loss of earning capacity and loss of earnings in the future. To compensate for this loss, Plaintiff seeks recovery of loss of past and future earnings and earning capacity; and

  f. Punitive or exemplary damages.

## DEMAND FOR JURY

18. Plaintiff hereby demands a jury trial on all issues presented herein.

## PRAYER FOR RELIEF

For these reasons, Plaintiff prays that upon trial hereof, said Plaintiff have and will recover actual or compensatory damages (past and future) as set forth above and/or to the fullest extent allowed by law and which the jury deems to be fair and reasonable; exemplary/punitive damages as described above in an amount the jury deems to be fair and reasonable; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and any further relief, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

IVEY LAW FIRM, P.C.

*/s/  Jack Todd Ivey*
Jack Todd Ivey
Attorney of Record
Texas Bar No. 00785985
11111 Katy Freeway, Suite 700
Houston, Texas 77079
713/225-0015 (Telephone)
713/225-5313 (Facsimile)
Email:  contact@iveylawfirm.com